Keith J. Miller
Michael J. Gesualdo
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400 (Telephone)
kmiller@rwmlegal.com
jquinn@rwmlegal.com
mgesualdo@rwmlegal.com

*Attorneys for Plaintiffs*
*Janssen Pharmaceuticals, Inc. and*
*Janssen Pharmaceutica NV*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV, <br><br> *Plaintiffs*, <br> v. <br><br> QILU PHARMACEUTICAL CO., LTD. and QILU PHARMA, INC., <br><br><br> *Defendants*. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br><br> **(Filed Electronically)** |

Plaintiffs Janssen Pharmaceuticals, Inc. ("JPI") and Janssen Pharmaceutica NV, LLC ("JPN") (collectively "Plaintiffs" or "Janssen"), for their Complaint against Defendants Qilu Pharmaceutical Co., Ltd. ("Qilu Ltd.") and Qilu Pharma, Inc. ("Qilu Pharma") (collectively "Defendants" or "Qilu"), hereby allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent No. 9,439,906 (the "906 Patent").

2. This action relates to the submission of Abbreviated New Drug Application ("ANDA") No. 217889 by Qilu to the United States Food and Drug Administration ("FDA") seeking approval to market a proposed generic version of JPI's Invega Sustenna® brand products ("Qilu's Proposed Generic Products") prior to the expiration of the 906 Patent.

## THE PARTIES

3. JPI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

4. JPN is a corporation organized and existing under the laws of Belgium, having its principal place of business at Turnhoutseweg, 30, B-2340, Beerse, Belgium.

5. On information and belief, Qilu Ltd. is a corporation organized and existing under the laws of China, having places of business at 8888, Lvyou Road, High-Tech Zone, Jinan, 250104, China; No. 849, Dongjia Town, Licheng District, Jinan, 250105, China; and No. 23999 Gong Ye Bei Road, Jinan, 250100, China.

6. On information and belief, Qilu Pharma is a corporation organized and existing under the laws of Pennsylvania, having places of business at 101 Lindenwood Drive,

Suite 225, Malvern, PA 19355 and 104 Carnegie Center, Suite 212, Princeton, NJ 08540.  Upon

information and belief, Qilu Pharma is an agent and/or affiliate of Qilu Ltd.

7.      On information and belief, Qilu Ltd. and Qilu Pharma are pharmaceutical

companies that develop, manufacture, market, and distribute pharmaceutical products, including

generic pharmaceutical products, for sale in the State of New Jersey and throughout the United

States.

8.      On information and belief, Qilu Ltd. is acting on behalf of itself and on

behalf of Qilu Pharma with respect to Qilu's ANDA No. 217889.

**JURISDICTION AND VENUE**

9.      This is an action for patent infringement arising under the Patent Laws of

the United States, 35 U.S.C. § 271(e)(2), including an action seeking declaratory judgment

pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

10.      This Court has jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. §§ 1331 and 1338(a).

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and

1400(b).

**Qilu Ltd.**

12.      This Court has personal jurisdiction over Qilu Ltd. because, *inter alia*,

Qilu Ltd. has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a

future course of conduct that includes acts of patent infringement in New Jersey.  These acts

have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey.  For example,

on information and belief, following approval of ANDA No. 217889, Qilu Ltd. will, directly or

through its affiliate Qilu Pharma, make, use, import, sell, and/or offer for sale Qilu's Proposed

3

Generic Products in the United States, including in New Jersey, prior to the expiration of the 906 Patent.

13.    Exercising personal jurisdiction over Qilu Ltd. in this district would not be unreasonable given Qilu Ltd.'s contacts in this district and this district's interest in resolving disputes related to products to be sold herein.

14.    This Court also has personal jurisdiction over Qilu Ltd. because Qilu Ltd. has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey.  On information and belief, Qilu Ltd. regularly and continuously transacts business within New Jersey, either directly or through its affiliates—including Qilu Pharma—including by selling pharmaceutical products in New Jersey.  On information and belief, Qilu Ltd. derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

15.    On information and belief, Qilu Ltd., either directly or indirectly through Qilu Pharma, is in the business of formulating, manufacturing, marketing, and selling generic prescription pharmaceutical drugs that it distributes in New Jersey and throughout the United States.

16.    This Court also has personal jurisdiction over Qilu Ltd. because, *inter alia*, this action arises from the actions of Qilu Ltd. directed toward New Jersey.  For example, Qilu Ltd.'s counsel sent a letter dated May 8, 2024 to JPI, a corporation with its principal place of business in this Judicial District, stating that Qilu Ltd. had submitted ANDA No. 217889 seeking approval to commercially manufacture, use, sell, offer for sale, and/or import Qilu's Proposed Generic Products prior to the expiration of the 906 Patent.  If Qilu Ltd. succeeds in obtaining

4

FDA approval, it would sell Qilu's Proposed Generic Products in New Jersey and other states, either directly or through its affiliate Qilu Pharma, causing injury to Plaintiffs in New Jersey.

17.    Qilu Ltd. has consented to or did not contest the jurisdiction of this Court in at least the following District of New Jersey actions: *Boehringer Ingelheim Pharms. Inc. v. Qilu Pharm. Co. Ltd., et al.,* No. 3:21-cv-01732 (D.N.J.); *Helsinn Healthcare S.A. et al. v. Qilu Pharm. Co., Ltd. et al.,* No. 3:15-cv-08132 (D.N.J.).

18.    In the alternative, this Court has personal jurisdiction over Qilu Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met.

19.    Qilu Ltd. has consented to or did not contest venue in patent cases in this Judicial District in at least the following District of New Jersey actions: *Boehringer Ingelheim Pharms. Inc. v. Qilu Pharm. Co. Ltd., et al.,* No. 3:21-cv-01732 (D.N.J.); *Helsinn Healthcare S.A. et al. v. Qilu Pharm. Co., Ltd. et al.,* No. 3:15-cv-08132 (D.N.J.).

20.    Venue is proper in this Judicial District for Qilu Ltd. pursuant to 28 U.S.C. § 1400(b), including, for example, because Qilu Ltd. is a company organized and existing under the laws of China and may be sued in any judicial district.

**Qilu Pharma**

21.    On information and belief, Qilu Pharma, either directly or indirectly through Qilu Ltd., is in the business of formulating, manufacturing, marketing, and selling generic prescription pharmaceutical drugs that it distributes in New Jersey and throughout the United States.

22.    On information and belief, Qilu Pharma has substantial, continuous, and systematic contacts with New Jersey, including, but not limited to, maintaining a place of business in New Jersey, designating an agent for service of process in New Jersey, and being registered to conduct business in New Jersey.  On information and belief, Qilu Pharma has an

5

active business entity ID in the State of New Jersey (0400704255) with a place of business at 104 Carnegie Ctr., Suite 212, Princeton, NJ 08540.

23.    This Court has personal jurisdiction over Qilu Pharma because, *inter alia*, Qilu Pharma has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey.  These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey.  For example, on information and belief, following approval of ANDA No. 217889, Qilu Pharma will, directly or through its affiliate Qilu Ltd., make, use, import, sell, and/or offer for sale Qilu's Proposed Generic Products in the United States, including in New Jersey, prior to the expiration of the 906 Patent.

24.    Exercising personal jurisdiction over Qilu Pharma in this district would not be unreasonable given Qilu Pharma's contacts in this district and this district's interest in resolving disputes related to products to be sold herein.

25.    This Court also has personal jurisdiction over Qilu Pharma because Qilu Pharma has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey.  On information and belief, Qilu Pharma regularly and continuously transacts business within New Jersey, either directly or through its affiliates—including Qilu Healthcare, Inc., a company registered with the State of New Jersey's Department of Health (reg. no. 5005245) as a drug manufacturer and wholesaler with a principal place of business in 104 Carnegie Center Suite 212, Princeton, New Jersey 08540—including by selling pharmaceutical products in New Jersey.  On information and belief, Qilu Pharma derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

26.    This Court also has personal jurisdiction over Qilu Pharma because, *inter alia*, this action arises from the actions of Qilu Pharma directed toward New Jersey, either directly or through Qilu Ltd.  For example, Qilu Pharma's counsel sent a letter dated May 8, 2024 to JPI, a corporation with its principal place of business in this Judicial District, stating that Qilu Pharma had submitted ANDA No. 217889 seeking approval to commercially manufacture, use, sell, offer for sale, and/or import Qilu's Proposed Generic Products prior to the expiration of the 906 Patent.  If Qilu Pharma succeeds in obtaining FDA approval, Qilu Pharma would sell Qilu's Proposed Generic Products in New Jersey and other states, either directly or through its affiliate Qilu Ltd., causing injury to Plaintiffs in New Jersey. Furthermore, upon information and belief, Qilu Pharma is Qilu Ltd.'s authorized agent with respect to ANDA No. 217889.

27.    Qilu Pharma has consented to or did not contest the jurisdiction of this Court in at least the following District of New Jersey actions: *Boehringer Ingelheim Pharms. Inc. v. Qilu Pharm. Co. Ltd., et al.,* No. 3:21-cv-01732 (D.N.J.); *Helsinn Healthcare S.A. et al. v. Qilu Pharm. Co., Ltd. et al.,* No. 3:15-cv-08132 (D.N.J.).

28.    Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because, on information and belief, Qilu Pharma has a regular and established place of business in this district and has committed acts of infringement—e.g., preparing and/or submitting ANDA No. 217889—in this district.

29.    Qilu Pharma has consented to or did not contest venue in patent cases in this Judicial District in at least the following District of New Jersey actions: *Boehringer Ingelheim Pharms. Inc. v. Qilu Pharm. Co. Ltd., et al.,* No. 3:21-cv-01732 (D.N.J.); *Helsinn Healthcare S.A. et al. v. Qilu Pharm. Co., Ltd. et al.,* No. 3:15-cv-08132 (D.N.J.).

7

**Qilu Ltd. and Qilu Pharma**

30.    On information and belief, Qilu Ltd. and Qilu Pharma, along with other subsidiaries of Qilu Ltd., hold themselves out as a single entity for the purposes of manufacturing, selling, marketing, distribution, and importation of generic drug products in New Jersey and throughout the United States.

31.    On information and belief, Qilu Ltd. and Qilu Pharma employ people and maintain a regular and established office in New Jersey, including at least at 104 Carnegie Center, Suite 212, Princeton, New Jersey 08540.

32.    On information and belief, Qilu Ltd. and Qilu Pharma are agents of each other with respect to formulating, manufacturing, packaging, marketing and/or selling pharmaceutical products throughout the United States and will do the same with respect to the product for which they have sought approval from the FDA in ANDA No. 217889.

33.    On information and belief, Qilu Ltd. and Qilu Pharma are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States and will do the same with respect to the product for which they have sought approval from the FDA in ANDA No. 217889.

34.    On information and belief, Qilu Ltd. and Qilu Pharma filed the Qilu ANDA with the FDA that is at issue in this patent infringement suit.

35.    On information and belief, Qilu Ltd. and Qilu Pharma, alone and/or together with each other as affiliates and/or agents, have committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2)—including preparing and/or submitting ANDA No. 217889—that has led and/or will lead to foreseeable harm and injury to Plaintiffs, including JPI, which has a place of business in New Jersey.

8

## THE PATENT-IN-SUIT

36.     On September 13, 2016, the 906 Patent, titled "Dosing Regimen With Long Acting Injectable Paliperidone Esters" was duly and legally issued by the United States Patent & Trademark Office to JPN as assignee.  A copy of the 906 Patent is attached as Exhibit A.

37.     JPI holds approved NDA No. 022264 for paliperidone palmitate extended-release injectable suspension, which is prescribed and sold under the trademark Invega Sustenna®.

38.     Pursuant to 21 U.S.C. § 355(b)(1), the 906 Patent is listed in the United States FDA publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") as covering JPI's Invega Sustenna® brand paliperidone palmitate extended-release injectable suspension products.

## COUNT I:
### INFRINGEMENT OF THE 906 PATENT BY QILU'S ANDA FOR INVEGA SUSTENNA®

39.     Plaintiffs re-allege paragraphs 1-38 as if fully set forth herein.

40.     An actual controversy exists between the parties as to whether Qilu's proposed sale of Qilu's Proposed Generic Products infringe claims 1-21 of the 906 Patent.

41.     By letter dated May 8, 2024 ("Qilu Notice Letter"), Qilu notified Plaintiffs that it had submitted ANDA No. 217889 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Notice Letter stated that ANDA No. 217889 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including the State of New Jersey, of Qilu's Proposed Generic Products prior to the expiration of certain Orange Book listed patents.  ANDA No. 217889 specifically seeks FDA approval to market generic versions of JPI's Invega

9

Sustenna® brand paliperidone palmitate extended-release injectable suspension products in 117 mg, 156 mg, and 234 mg doses prior to the expiration of the 906 Patent.

42. ANDA No. 217889 includes a Paragraph IV Certification that the claims of the 906 Patent are invalid, unenforceable, and/or not infringed.

43. Upon information and belief, the Qilu Notice Letter was sent to Plaintiffs via overnight mail no earlier than May 8, 2024.

44. The Qilu Notice Letter was subsequently received by Plaintiffs, and Plaintiffs commenced this action within 45 days of the date of receipt of Qilu's Notice Letter.

45. The Qilu Notice Letter purports to include a Notice of Certification for ANDA No. 217889 under 37 C.F.R. § 314.95(c)(6) as to the 906 Patent.  The Qilu Notice Letter did not include a detailed statement of allegations of non-infringement as to any claims of the 906 Patent.

46. Qilu has actual knowledge of the 906 Patent, as shown by the Qilu Notice Letter.

47. On information and belief, Qilu's Proposed Generic Products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, claims 1-21 of the 906 Patent, under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

48. On information and belief, under 35 U.S.C. § 271(e)(2)(A), Qilu has infringed claims 1-21 of the 906 Patent by submitting, or causing to be submitted, to the FDA ANDA No. 217889 seeking approval to manufacture, use, import, offer to sell or sell Qilu's Proposed Generic Products before the expiration date of the 906 Patent.  Upon information and belief, the products described in ANDA No. 217889 would infringe, either literally or under the doctrine of equivalents, claims 1-21 of the 906 Patent under 35 U.S.C. § 271(e)(2)(A).

10

49.      On information and belief, upon approval of ANDA No. 217889, physicians and/or patients will directly infringe claims 1-21 of the 906 Patent by use of Qilu's Proposed Generic Products.

50.      On information and belief, upon approval of ANDA No. 217889, Qilu will take active steps to encourage the use of Qilu's Proposed Generic Products by physicians and/or patients with the knowledge and intent that Qilu's Proposed Generic Products will be used by physicians and/or patients in a manner that infringes claims 1-21 of the 906 Patent for the pecuniary benefit of Qilu.  Pursuant to 21 C.F.R. § 314.94, Qilu is required to copy the FDA-approved Invega Sustenna® labeling.  Qilu specifically intends Qilu's Proposed Generic Products to be used according to its proposed labeling in a manner that infringes claims 1-21 of the 906 Patent.  Upon information and belief, Qilu will thus induce the infringement of claims 1-21 of the 906 Patent.

51.      On information and belief, upon approval of ANDA No. 217889, Qilu will sell or offer to sell Qilu's Proposed Generic Products specifically labeled for use in practicing claims 1-21 of the 906 Patent, wherein Qilu's Proposed Generic Products are a material part of the claimed invention, wherein Qilu knows that physicians will prescribe and patients will use Qilu's Proposed Generic Products in accordance with the instructions and/or label provided by Qilu in practicing claims 1-21 of the 906 Patent, and wherein Qilu's Proposed Generic Products are not staple articles or commodities of commerce suitable for substantial non-infringing use. Qilu's Proposed Generic Products are specifically designed for use in a manner that infringes claims 1-21 of the 906 Patent.  On information and belief, Qilu will thus contribute to the infringement of claims 1-21 of the 906 Patent.

52.     On information and belief, the actions described in this Complaint relating to Qilu's ANDA No. 217889 were done by and for the benefit of Qilu.

53.     Plaintiffs will be irreparably harmed by Qilu's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

54.     This case is an exceptional one, and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

A.      Enter judgment under 35 U.S.C. § 271(e)(2)(A) that Qilu has infringed claims 1-21 of the 906 Patent through Qilu's submission of ANDA No. 217889 to the FDA to obtain approval to manufacture, use, import, offer to sell, and sell Qilu's Proposed Generic Products identified in this Complaint in the United States before the expiration of the 906 Patent;

B.      Enter judgment under 35 U.S.C. § 271(a), (b), and/or (c) that Qilu's commercial manufacture use, offer for sale, or sale within the United States, or importation into the United States of Qilu's Proposed Generic Products identified in this Complaint, prior to the expiration of the 906 Patent, constitutes infringement of one or more claims of the 906 Patent under 35 U.S.C. § 271(a), (b), or (c);

C.      Order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 217889 be a date that is not earlier than the expiration date of the 906 Patent, or such later date as the Court may determine;

D.      Order that Qilu, its affiliates, officers, agents, servants, and employees, and those persons in active concert or participation with Qilu, are preliminarily and permanently enjoined from commercially manufacturing, using, importing, offering for sale, and selling

12

Qilu's Proposed Generic Products identified in this Complaint, and any other product that infringes or contributes to the infringement of the 906 Patent, prior to the expiration of the 906 Patent, or such later date as the Court may determine;

        E.      If Qilu engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Qilu's Proposed Generic Products identified in this Complaint prior to the expiration of the 906 Patent, a Judgment awarding damages to Plaintiffs resulting from such infringement with interest;

        F.      Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorneys' fees; and

        G.      Award such further and other relief that the Court deems proper and just.

Dated: June 18, 2024

s/Keith J. Miller_____
Keith J. Miller (kmiller@rwmlegal.com)
Michael Gesualdo (mgesuldo@rwmlegal.com)
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400 (Telephone)
(973) 466-2760 (Facsimile)

*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV*

*Of counsel:*
Barbara L. Mullin (bmullin@pbwt.com)
Aron Fischer (afischer@pbwt.com)
Andrew D. Cohen (acohen@pbwt.com)
J. Jay Cho (jcho@pbwt.com)
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000 (Telephone)
(212) 336-2222 (Facsimile)

*Attorneys for Plaintiffs Janssen Pharmaceuticals,
Inc. and Janssen Pharmaceutica NV*

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy in this case is not the subject of any action pending in any court, or of any pending arbitration or administrative proceeding, except for the following:

Janssen Pharmaceuticals, Inc. et al v. Teva Pharmaceuticals USA, Inc., No. 2:18-cv-00734-CCC-LDW

Janssen Pharmaceuticals, Inc. et al v. Mylan Laboratories Limited et al, No. 2:19-cv-16484-CCC-LDW2:18-cv22nn

Janssen Pharmaceuticals, Inc. et al v. Pharmascience Inc. et al, No. 2:19-cv-21590-CCC-LDW

Janssen Pharmaceuticals, Inc. et al v. Accord Healthcare, Inc., No. 2:22-cv-00856-CCC-LDW

Dated:  June 18, 2024

*s/ Keith J. Miller_____*
Keith J. Miller
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey  07102
(973) 690-5400 (Telephone)
(973) 466-2760 (Facsimile)

*Attorneys for Plaintiffs Janssen
Pharmaceuticals, Inc. and Janssen
Pharmaceutica NV*

15